## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RAYMOND KING (# 356148)**  **CIVIL ACTION NO.**

**VERSUS**  **19-654-BAJ-EWD**

**LEONARD ROBERTSON**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 5, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYMOND KING (# 356148)                                CIVIL ACTION NO.

VERSUS                                                 19-654-BAJ-EWD

LEONARD ROBERTSON

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

*Pro se* Plaintiff, Raymond King ("Plaintiff"), an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana filed this proceeding pursuant to 42 U.S.C. § 1983 against Leonard Robertson ("Defendant") alleging that Defendant intentionally deprived Plaintiff of his property when Plaintiff was transferred to administrative segregation.[1]  Plaintiff requests monetary relief.[2]

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.  The statutes impose similar standards for dismissal.[3]  Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[4]  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges

---

[1] R. Doc. 1.
[2] R. Doc. 1, p. 7.
[3] § 1915(e) provides a procedural mechanism for dismissal of those lawsuits against a governmental entity or employee or officer of a governmental entity that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits by prisoners that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff.  Plaintiff was granted permission to proceed *in forma pauperis* on September 30, 2019.  (R. Doc. 3).
[4] *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

the violation of a legal interest which clearly does not exist."[5] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[6] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[7] A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[8]

Pursuant to well-established federal jurisprudence, an unauthorized negligent or even intentional[9] wrongful deprivation of property by state employees does not amount to a violation of the procedural requirements of due process if a meaningful post-deprivation remedy for the loss is available.[10] Further, the burden is on the complainant to show that available post-deprivation remedies are not adequate.[11] In the instant case, Plaintiff has not alleged that state post-deprivation remedies are unavailable to him or are inadequate. To the contrary, it is recognized that Louisiana law provides ample remedies under which Plaintiff could proceed against Defendants for recovery of his property or for reimbursement for its loss.[12] Accordingly, Plaintiff's claim relative to an alleged loss of property is without constitutional merit.

---

[5] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[6] *Denton,* 504 U.S. at 32.
[7] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[8] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[9] In urging this Court to order service, Plaintiff relies on *McCoy v. Gordon*, 709 F.2d 1060 (5th Cir. 1983) for the proposition that intentional deprivation of property states a claim under § 1983. *See* R. Doc. 5. Plaintiff's reliance is misplaced as that proposition in *McCoy* was overruled by *Hudson v. Palmer,* 468 U.S. 517, 533 (1984). *Hudson* rejected a distinction between intentional and negligent deprivations of property and held that intentional deprivations of property do not state a claim under the Due Process Clause of the Fourteenth Amendment if adequate post-deprivation state remedies exist. *Id.* at 533.
[10] *Hudson,* 468 U.S. at 533; *Parratt v. Taylor,* 451 U.S. 527, 542 (1981). This is commonly referred to as the "Parratt/Hudson Doctrine."
[11] *Marshall v. Norwood,* 741 F.2d 761, 764 (5th Cir. 1984). *See also, Batiste v. Lee*, Civ. Action No. 09-674, 2009 WL 2708111 (W.D. La. Aug. 26, 2009) (dismissing *pro se* prisoner's claims for deprivation of property as frivolous and for failing to state a claim based on the *Parratt/Hudson Doctrine*)
[12] *Id.* at 763.

To the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[13] Having recommended that Plaintiff's federal claims be dismissed, it is also recommended that the Court decline to exercise of supplemental jurisdiction over any potential state law claims.

## RECOMMENDATION

**IT IS RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[14]

**IT IS FURTHER RECOMMENDED** that the Court decline the exercise of supplemental jurisdiction over any potential state law claims.

**IT IS FURTHER RECOMMENDED** that, if this Report and Recommendation is adopted, Plaintiff's pending Motions[15] requesting service be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on December 5, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] 28 U.S.C. § 1367.
[14] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."
[15] R. Docs. 4 & 5.

3