# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

RAYMOND KING                                                            CIVIL ACTION

VERSUS

LEONARD ROBERTSON                          NO.: 19-00654-BAJ-EWD

## RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 6)** pursuant to 28 U.S.C. §636(b)(1). The Report and Recommendation addresses pro se Plaintiff Raymond King's Complaint (Doc. 1), filing suit against Defendants under 42 U.S.C. §1983, alleging intentional deprivation of property. The Magistrate Judge recommends that Plaintiff's action be dismissed with prejudice as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A. (Doc. 6 at p. 4). The Magistrate Judge further recommends that the Court decline the exercise of supplemental jurisdiction over any potential state law claims. Finally, the Magistrate Judge recommends that upon the adoption of this Report and Recommendation, Plaintiffs' pending motions requesting service be denied as moot. (Id.).

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. §636(b)(1), they had fourteen days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact,

1

conclusions of law, and recommendations therein. Plaintiff timely filed an objection, and Defendant did not respond.

The Magistrate Judge found, pursuant to well-established federal jurisprudence, that an unauthorized negligent or even intentional wrongful deprivation by state employees does not amount to a violation of the procedural requirements of due process if a meaningful post-deprivation remedy for the loss is available.[1] The Magistrate Judge determined that Plaintiff did not allege that state post-deprivation remedies were unavailable or inadequate; thus, Plaintiff's claim for an alleged loss of property is without constitutional merit. (Doc. 6 at p. 3).

Plaintiff argues that his property was taken pursuant to the administrative direction of Defendant, and that the State of Louisiana does not have an adequate post-deprivation remedy available. Plaintiff asserts that he did not get any hearing before his property was destroyed. Plaintiff further asserts that the Louisiana State Penitentiary only paid him $50.00 although the property was worth more. (Doc. 7 at p. 2). Plaintiff argues that the payment of $50.00 regardless of the value of the property is an inadequate post-deprivation remedy. (Id. at p. 3).

The burden is on the Plaintiff to show that available post-deprivation remedies are not adequate. *Marshall v. Norwood*, 741 F.2d 761,764 (5th Cir. 1984). The Court finds that Plaintiff has not sufficiently shown that post-deprivation remedies are inadequate or unavailable to him. In his objection, Plaintiff only states that post-deprivation remedies are inadequate and unavailable and does not explain why, other

---

[1] *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 542 (1981). This is commonly referred to as the Parratt-Hudson doctrine.

than arguing that he was not paid enough for his destroyed property. The Court agrees with the Magistrate Judge's finding that Louisiana law provides ample remedies under which Plaintiff could proceed against Defendant for recovery of his property or reimbursement, such as filing a tort action against the State; thus, the Court finds that the deprivation of Plaintiff's property did not amount to a due-process violation.

Having carefully considered the underlying Complaint, the instant motion, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 6) is ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

**IT IS FURTHER ORDERED** that the Court shall decline the exercise of supplemental jurisdiction over any of Plaintiff's potential state law claims.

**IT IS FURTHER ORDERED** that Plaintiff's pending motions requesting service (Docs. 4, 5) are **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 10th day of March, 2020.

*[signature]*

**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**